# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LONESTAR BIOMETRICS LLC., ) | |
| ) | Case No. 2:22-CV-00240-JRG |
| Plaintiff, ) | (LEAD CASE) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| SHENZHEN ONEPLUS SCIENCE & ) | |
| TECHNOLOGY CO., LTD., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant OnePlus Technology (Shenzhen) Co. Ltd. ("OnePlus"),[1] by and through its undersigned counsel, hereby responds to Plaintiff Lonestar Biometrics LLC's ("Plaintiff" or "Lonestar") Complaint as follows.

OnePlus denies that the Plaintiff is entitled to any relief. Judgment should be entered in favor of OnePlus and against Plaintiff. Plaintiff should take nothing and pay OnePlus's attorney fees. Unless otherwise stated below, OnePlus denies each and every of Plaintiff's allegations.

## THE PARTIES

1.  LB is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Marshall, TX 75670.

**ANSWER:** OnePlus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.  Upon information and belief, Defendant OnePlus is a corporation organized and existing under the laws of China, with its principal place of business located at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518040, China. OnePlus is a leading manufacturer and seller of smart phones in the world and in the United States. Upon information and belief, OnePlus does business in Texas, directly or through

---

[1] The official English translation of Defendant's corporate name is "OnePlus Technology (Shenzhen) Co. Ltd.."
6106865v2/34497-0002
6106865v4/34497-0002

intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

**ANSWER:** The allegations related to jurisdiction in Paragraph 2 are conclusions of law, rather than statement of fact, to which no response is required. To the extent a response is required, OnePlus admits is a corporation organized and existing under the laws of China and that it maintains the webpage at https://www.oneplus.com. OnePlus denies the remaining allegations of Paragraph 2 and specifically denies that it has committed any acts of infringement that form the basis of Lonestar's cause of action.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** The allegations relating to subject matter jurisdiction in paragraph 3 are conclusions of law, rather than statements of fact, to which no response is required. To the extent that a response is required, OnePlus admits that the Complaint alleges an action under certain provisions of Title 35 of the United States Code and that, for the purposes of this action only, OnePlus does not object to the exercise of subject matter jurisdiction by this Court.

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

**ANSWER:** The allegations relating to subject matter jurisdiction in this paragraph are conclusions of law, rather than statements of fact, to which no response is required. To the extent a response is required, OnePlus denies that the Court has personal jurisdiction in this matter.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because,

among other things, Defendant is not a resident in the United States, and thus may be sued in any Judicial District pursuant to 28 U.S.C. § 1391(c)(3).

**ANSWER:**   The allegations relating to venue in this paragraph are conclusions of law, rather than statements of fact, to which no response is required.  To the extent a response is required, OnePlus denies that venue is proper in this judicial district.

6.   Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing business or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

**ANSWER:**   The allegations relating to jurisdiction and due process in this paragraph are conclusions of law, rather than statements of fact, to which no response is required.  To the extent a response is required, OnePlus denies that the Court has personal jurisdiction in this matter.

## PATENTS-IN-SUIT

7.   On January 5, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,232,088 (the "'088 Patent") entitled "Scanning in a Defined Region on a Display Screen".  A true and correct copy of the '088 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=9232088.

**ANSWER:**   OnePlus admits that on its face, the '088 patent is titled "Scanning in a Defined Region on a Display Screen" and states on its face that the patent was issued on January 5, 2016.  OnePlus is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and therefore denies the same.  OnePlus specifically denies that the '088 Patent was "duly and legally issued."

8.   On January 16, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,241,082 (the "'082 Patent") entitled "Method and Apparatus for Scanning Through a Display Screen".  A true and correct copy of the '082 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=9241082.

**ANSWER:**   OnePlus admits that on its face, the '082 patent is titled "Method and Apparatus for Scanning Through a Display Screen." and states on its face that the patent was issued

on January 16, 2016.  OnePlus is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and therefore denies the same.  OnePlus specifically denies that the '082 Patent was "duly and legally issued."

9. On January 31, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,560,293 (the "'293 Patent") entitled "Method and Apparatus for Image Capture Through a Display Screen".  A true and correct copy of the '082 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=9560293.

**ANSWER:** OnePlus admits that on its face, the '0239 patent is titled ""Method and Apparatus for Image Capture Through a Display Screen." and states on its face that the patent was issued on January 31, 2017.  OnePlus is without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph and therefore denies the same.  OnePlus specifically denies that the '239 Patent was "duly and legally issued."

10. LB is the sole and exclusive owner of all right, title, and interest in the '088 Patent, the '082 Patent, and the '293 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  LB also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

**ANSWER:** OnePlus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies the same.

11. LB has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.  Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

**ANSWER:** OnePlus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

## FACTUAL ALLEGATIONS

12. The Patents-in-Suit generally relate to methods and apparatuses for scanning and/or capturing images through a display screen.

6106865v2/34497-0002
6106865v4/34497-0002

**ANSWER:** To the extent Plaintiff seeks for OnePlus to admit or deny what the Patents-in-Suit generally relate to, the patents speak for themselves. OnePlus denies the allegations in paragraph 12.

13. The Patents-in-Suit generally relate to technology involving scanning and image capturing through a display screen in mobile and handheld devices. The technology described in the Patents-in-Suit was developed by Darwin Hu. For example, the technology is implemented in mobile and handheld devices with optical fingerprint scanners embedded underneath the display screens. OnePlus has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products including but not limited to mobile and/or handheld devices with optical fingerprint scanners embedded beneath the display screen, such as the OnePlus 10 Pro, among other products.

**ANSWER:** To the extent Plaintiff seeks for OnePlus to admit or deny what the technology of the Patents-in-Suit relate to, the patents speak for themselves. To the extent Plaintiff seeks for OnePlus to admit or deny that the technology described in the Patents-in-Suit was developed by Darwin Hu, OnePlus is without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore denies the same. OnePlus denies the remaining allegations in paragraph 13.

### COUNT I
### (Infringement of the '088 Patent)

14. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

**ANSWER:** OnePlus incorporates by reference their responses to paragraphs 1 through 13.

15. LB has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '088 Patent.

**ANSWER:** OnePlus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Defendant has and continues to directly infringe the '088 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making,

5

using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '088 Patent. Such products include mobile and/or handheld devices with optical fingerprint scanners embedded beneath the display screen, such as the OnePlus 10 Pro, among other products.

**ANSWER:**  OnePlus denies the allegations in paragraph 16.

17.  For example, Defendant has and continues to directly infringe at least claim 1 of the '088 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include mobile phones with an optical fingerprint scanner embedded beneath the display screen, such as the OnePlus 10 Pro:



**ANSWER:**  OnePlus denies the allegations in paragraph 17.

18.  The OnePlus 10 Pro is a computing device which comprises a display device having a viewing area for displaying content, the display device caused to display a scanning region for a user to place a scanning object onto the display device in accordance with the scanning region, wherein the scanning region is defined visibly to the user and smaller than the viewing area in size, a portion of the scanning object falling into the scanning region is scanned by an array of sensors embedded in the display device:



6106865v2/34497-0002
6106865v4/34497-0002

**ANSWER:** OnePlus denies the allegations in paragraph 18.

19. For example, the OnePlus 10 Pro also contains and a circuit module, coupled to sensors, reading out sensing signals from the sensors to produce an image of the portion of the scanning object, wherein the image captures details on the portion of the scanning object.

**ANSWER:** OnePlus denies the allegations in paragraph 19.

20. Defendant has and continues to indirectly infringe one or more claims of the '088 Patent by knowingly and intentionally inducing others, including OnePlus customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as mobile and/or handheld devices with optical fingerprint scanners embedded beneath the display screen.

**ANSWER:** OnePlus denies the allegations in paragraph 20.

21. Defendant, with knowledge that these products, or the use thereof, infringe the '088 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '088 Patent by providing these products to end users for use in an infringing manner.

**ANSWER:** OnePlus denies the allegations in paragraph 21.

22. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '088 Patent, but while remaining willfully blind to the infringement.

**ANSWER:** OnePlus denies the allegations in paragraph 22.

23. LB has suffered damages as a result of Defendant's direct and indirect infringement of the '088 Patent in an amount to be proven at trial.

**ANSWER:** OnePlus denies the allegations in paragraph 23.

24. LB has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '088 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**ANSWER:** OnePlus denies the allegations in paragraph 24.

## COUNT II
### (Infringement of the '082 Patent)

25. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

**ANSWER:** OnePlus incorporates by reference their responses to paragraphs 1 through 13.

26. LB has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '082 Patent.

**ANSWER:** OnePlus is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Defendant has and continues to directly infringe the '082 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '082 Patent. Such products include mobile and/or handheld devices with optical fingerprint scanners embedded beneath the display screen, including, but not limited to, the OnePlus 10 Pro, among other products.

**ANSWER:** OnePlus denies the allegations in paragraph 27.

28. For example, Defendant has and continues to directly infringe at least claim 20 of the '082 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include mobile phones with an optical fingerprint scanner embedded beneath the display screen, such as the OnePlus 10 Pro, among other products.

**ANSWER:** OnePlus denies the allegations in paragraph 28.

29. The OnePlus 10 Pro is a display device which comprises a display unit driven to display thereon at least a scanning region:



**ANSWER:**   OnePlus denies the allegations in paragraph 29.

30.   The OnePlus 10 Pro further comprises a sensing module integrated with the display unit:

> FEATURES   Sensors   Fingerprint (under display, optical), accelerometer, gyro, proximity, compass, color spectrum, barometer

**ANSWER:**   OnePlus denies the allegations in paragraph 30.

31.   The OnePlus 10 Pro further comprises at least a light source to illuminate a portion of an object being placed in the scanning region and against the display unit, wherein the display unit is driven to have a moment of see-through, and at least a source is turned on to cause the sensing module to generate an image of the portion of the object:



        **ANSWER:**    OnePlus denies the allegations in paragraph 31.

      32.    Defendant has and continues to indirectly infringe one or more claims of the '082 Patent by knowingly and intentionally inducing others, including OnePlus customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as mobile and/or handheld devices with optical fingerprint scanners embedded beneath the display screen.

        **ANSWER:**    OnePlus denies the allegations in paragraph 32.

33. Defendant, with knowledge that these products, or the use thereof, infringe the '082 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '082 Patent by providing these products to end users for use in an infringing manner.

**ANSWER:** OnePlus denies the allegations in paragraph 33.

34. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '082 Patent, but while remaining willfully blind to the infringement.

**ANSWER:** OnePlus denies the allegations in paragraph 34.

35. LB has suffered damages as a result of Defendant's direct and indirect infringement of the '082 Patent in an amount to be proven at trial.

**ANSWER:** OnePlus denies the allegations in paragraph 35.

36. LB has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '082 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**ANSWER:** OnePlus denies the allegations in paragraph 36.

## COUNT III
### (Infringement of the '293 Patent)

37. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

**ANSWER:** OnePlus incorporates by reference their responses to paragraphs 1 through 13.

38. LB has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '293 Patent.

**ANSWER:** OnePlus denies the allegations in paragraph 38.

39. Defendant has and continues to directly infringe the '293 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '293 Patent. Such products include mobile and/or handheld devices with optical fingerprint scanners embedded beneath the display screen, including, but not limited to, the OnePlus 10 Pro, among other products.

**ANSWER:** OnePlus denies the allegations in paragraph 39.

40. For example, Defendant has and continues to directly infringe at least claim 1 of the '293 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include mobile phones with an optical fingerprint scanner embedded beneath the display screen, such as the OnePlus 10 Pro, among other products.

**ANSWER:** OnePlus denies the allegations in paragraph 40.

41. The OnePlus 10 Pro is a display device which comprises a display unit. The OnePlus 10 Pro further comprises an image sensing module including an optical assembly and an image sensor, wherein the optical assembly includes a first light guide with the first and second ends, the second end shaped in parabolic curvature and acting as an edge-type micro-optical light guide reflector, and the image sensor is disposed at a center of the first end:



**ANSWER:** OnePlus denies the allegations in paragraph 41.

42. The OnePlus 10 Pro is a display device wherein the display unit is driven to have a moment of see-through so that an object placed against the display unit is imaged by the image sensor via the first light guide that collects and focuses the reflected light onto the image sensor.

**ANSWER:** OnePlus denies the allegations in paragraph 42.

43. Defendant has and continues to indirectly infringe one or more claims of the '293 Patent by knowingly and intentionally inducing others, including OnePlus customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as mobile and/or handheld devices with optical fingerprint scanners embedded beneath the display screen.

**ANSWER:** OnePlus denies the allegations in paragraph 43

44. Defendant, with knowledge that these products, or the use thereof, infringe the '293 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '293 Patent by providing these products to end users for use in an infringing manner.

**ANSWER:** OnePlus denies the allegations in paragraph 44.

45. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '293 Patent, but while remaining willfully blind to the infringement.

**ANSWER:** OnePlus denies the allegations in paragraph 45.

46. LB has suffered damages as a result of Defendant's direct and indirect infringement of the '293 Patent in an amount to be proven at trial.

**ANSWER:** OnePlus denies the allegations in paragraph 46.

47. LB has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '293 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**ANSWER:** OnePlus denies the allegations in paragraph 47.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

**ANSWER:** OnePlus demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LB prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

  b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

  c. An order awarding damages sufficient to compensate LB for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

  d. Entry of judgment declaring that this case is exceptional and awarding LB its costs and reasonable attorney fees under 35 U.S.C. § 285; and

  e. Such other and further relief as the Court deems just and proper.

**ANSWER:** OnePlus denies all allegations of patent infringement as alleged, further denies Plaintiff is entitled to the relief requested in its Complaint's prayer for relief, and further denies Plaintiff is entitled to any other form of relief.

## DEFENSES

Pursuant to Fed. R. Civ. P. 8(c) and 12(b), OnePlus asserts the following defenses to Counts I-III of the Complaint. OnePlus reserves the right to amend its answer to add defenses as they become known over the course of discovery in this case. Assertion of a defense is not an admission that OnePlus bears the burden of proving the matter asserted.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE – NON-INFRINGEMENT

OnePlus has not and does not infringe, literally or under the doctrine of equivilents, any valid and enforceable claim of the patents-in-suit, whether directly or indirectly, individually, jointly, contributorily or by inducement.

### THIRD DEFENSE – INVALIDITY

One or more claims of the patents-in-suit are invalid and/or unenforceable for failure to satisfy the conditions of patentability as set forth in Title 35 of the United States Code, including

without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 256.

## FOURTH DEFENSE – STATUTORY LIMITATIONS ON DAMAGES

Plaintiff's claims for damages and./or or costs are statutorily limited, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288.

## FIFTH DEFENSE – LICENSE, EXHAUSTION, AND/OR SINGLE RECOVERY

Plaintiff's claims are precluded in whole or in part, by license or exhaustion, including at least (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to OnePlus by (or by OnePlus to) any entity or entities having express or implied licenses to the patents-in-suit; and/or (ii) under the doctrine of patent exhaustion.

## SIXTH DEFENSE – PROSECUTIOIN HISTORY ESTOPPEL

Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in patents-in-suit before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## SEVENTH DEFENSE – EQUITABLE DEFENSES

Plaintiff's claims are barred in whole or in part under the principles of equity, including without limitations, laches, waiver, estoppel, and/or consent.

## EIGHTH DEFENSE – NO IRREPARABLE HARM

The Court should not enter injunctive relief against OnePlus for at least the reason that Plaintiff's alleged harm is not immediate or irreparable and because Plaintiff has an adequate remedy at law.

## NINTH DEFENSE – INEQUITABLE CONDUCT

The patents-in-suit are unenforceable due to inequitable conduct committed during the

prosecution of the patents before the U.S. Patent and Trademark Office ("USPTO"). Upon information and believe, one or more of the named inventors, along with others who had substantial involvement in the prosecution, of the patents-in-suit failed to disclose material prior art to the USPTO examiner.

## OTHER DEFENSES RESERVED

OnePlus specifically reserves the right to assert additional defenses as they exist, are discovered, or otherwise become available based on discovery and/or further investigation.

## ONEPLUS' PRAYER FOR RELIEF

OnePlus respectfully requests that this Court enter judgment against Plaintiff as follows:

a. Adjudging that Defendant has not infringed any claims of the patents-in-suit;

b. Adjudging that the claims of the patents-in-suit are invalid;

c. Dismissing Plaintiff's Complaint with prejudice, denying every prayer for relief in the Complaint, and entering judgment for OnePlus.

d. Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding OnePlus its cost and reasonable attorney's fees in defending this action; and

e. Granting OnePlus such further relief as this Court deems just and proper.

6106865v2/34497-0002
6106865v4/34497-0002

Dated: November 7, 2022

Respectfully submitted,

By: */s/ Jeffrey J. Catalano*

    Melissa R. Smith
    Texas State Bar No. 07921800
    GILLAM & SMITH, LLP
    303 S. Washington Ave.
    Marshall, TX  75670
    Telephone: (903) 934-8450
    Facsimile: (903) 934-9257
    melissa@gillamsmithlaw.com

    Jeffrey J. Catalano
    IL State Bar No. 6289197
    FREEBORN & PETERS LLP
    311 South Wacker Drive, Suite 3000
    Chicago, IL 60606
    Telephone: (312) 360-6000
    Facsimile: (312) 360-6520
    jcatalano@freeborn.com

    *Attorneys for Defendant Shenzhen OnePlus Science & Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

      I, Jeffrey J. Catalano, an attorney, hereby certify that on November 7, 2022, I caused a true and correct copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* to be served upon the following parties via electronic mail.

John Andrew Rubino
Michael Mondelli III
Rubino Law Firm LLC
830 Morris Turnpike
Short Hills, NJ 07078
jrubino@rubinoip.com
mmondelli@rubinoip.com


Justin Kurt Truelove
Truelove Law Firm, PLLC
100 West Houston
Marshall, TX 75670
kurt@truelovefirm.com

                                                    By:   *Melissa R. Smith*

18

6106865v2/34497-0002
6106865v4/34497-0002